

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00590-CR

Derwin Ray **ROBINSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR1021
Honorable Frank J. Castro, Judge Presiding

PER CURIAM

Sitting:     Sandee Bryan Marion, Chief Justice
           Beth Watkins, Justice
           Liza A. Rodriguez, Justice

Delivered and Filed: August 26, 2020

MOTION TO DISMISS GRANTED; APPEAL DISMISSED

On September 13, 2019, appellant Derwin Ray Robinson filed a notice of appeal for his conviction for possession of a controlled substance in an amount more than one gram but less than four grams. On February 3, 2020, we notified Robinson's appointed appellate counsel that her appellate brief was past due, and we ordered counsel to file a response by February 13, 2020. In that notice, we cautioned counsel that if we did not receive an adequate response by the ordered due date, we would abate the appeal to the trial court for an abandonment hearing. *See* TEX. R. APP. P. 38.8(b)(2). When counsel did not file a response, we ordered the appeal abated and

remanded the matter to the trial court to conduct a hearing to determine: (1) whether Robinson desired to prosecute his appeal; (2) whether Robinson was indigent; and (3) whether appellate counsel abandoned the appeal.

On April 15, 2020, the trial court held the hearing, and the district court clerk filed a supplemental clerk's record that included findings of fact stating Robinson did not wish to pursue his appeal and appellate counsel would be filing a motion to dismiss. The court reporter also filed a supplemental reporter's record of the hearing, where Robinson stated on the record his desire not to pursue the appeal. On May 1, 2020, we ordered the abatement lifted and the appellate deadlines reinstated. In that order, we informed counsel that if she sought to have the appeal voluntarily dismissed, she must file a motion that complies with Rule 42.2(a) of the Texas Rules of Appellate Procedure; otherwise, her brief was due by June 1, 2020.

On August 4, 2020, counsel filed a motion for voluntary dismissal, requesting the appeal to be dismissed. Rule 42.2(a) requires a motion for voluntary dismissal to be signed by the appellant and his attorney. TEX. R. APP. P. 42.2(a). Here, the motion filed by counsel lacked Robinson's signature as required by Rule 42.2(a). *See id.* However, in lieu of Robinson's signature, we note that Robinson stated on the record he did not desire to pursue the appeal. His clear indication of his wish to abandon the appeal provides a sufficient basis for this court to suspend the requirements of Rule 42.2(a) and dismiss the appeal. *See id.* R. 2 (providing appellate court may suspend a rule's operation in a particular case for good cause or to expedite a decision).

Accordingly, we grant the motion to dismiss and dismiss the appeal. *See id.* R. 42.2(a).

PER CURIAM

DO NOT PUBLISH